1  BENJAMIN B. WAGNER
   United States Attorney
2  KEVIN C. KHASIGIAN
   Assistant U. S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA  95814
4  Telephone:  (916) 554-2700

5  Attorneys for the United States

6

7

8              IN THE UNITED STATES DISTRICT COURT

9                EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,        2:12-CV-02540-MCE-EFB

12          Plaintiff,

13       v.                          STIPULATION AND ORDER FOR
                                     INTERLOCUTORY SALE OF
14  REAL PROPERTY LOCATED AT 1001    THE DEFENDANT PROPERTY
    NICHOLS DRIVE, SUITE 2, ROCKLIN,
15  CALIFORNIA, PLACER COUNTY,
    APN: 485-070-014-000, INCLUDING
16  ALL APPURTENANCES AND
    IMPROVEMENTS THERETO,
17
            Defendant.
18

19

20       The United States of America and claimant Temple Christian John Ball on behalf

21  of CJDD, LLC and potential claimant Nelle Thompson on behalf of Polycomp Trust

22  Company Custodian FBO Nelle Thompson IRA #044447 hereby agree and stipulate to the

23  following interlocutory sale pursuant to Rule G(7) of the Supplemental Rules for

24  Admiralty or Maritime Claims and Asset Forfeiture Actions:

25       1.   The defendant in this action is described as real property located at 1001

26  Nichols Drive, Suite 2, Rocklin, California, Placer County, APN: 485-070-014-000,

27  including all appurtenances and improvements thereto ("defendant property"), and more

28  fully described in Exhibit A attached hereto and incorporated herein by reference.

                                        1

2. On October 11, 2012, the United States filed a Verified Complaint for Forfeiture *In Rem* alleging that the defendant property was subject to forfeiture on the grounds that the property was used and intended to be used to commit or facilitate a violation of 21 U.S.C. §§ 841 *et seq.*, and is therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7).

3. The record owner of the defendant property is CJDD, LLC. The defendant property is a suite located in a commercial warehouse in Rocklin, California.

4. The United States has not yet published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov but intends to soon.

5. On October 18, 2012, Temple Christian John Ball on behalf of CJDD, LLC filed a Verified Statement of Interest in this action.

6. Polycomp Trust Company has a lien holder interest in the defendant property based on Promissory Note secured by a Deed of Trust, dated February 3, 2012, and recorded in the official records of Placer County as Instrument Number 2012-0014963-00 on February 21, 2012. The Deed of Trust was given to secure a Promissory Note ("Note") in the original amount of $113,000.00. As of October 16, 2012, the amount of unpaid principal on the Note was approximately $100,273.27, and the interest currently due and owing was $4,368.68. As of October 16, 2012, the total amount due and owing to Polycomp Trust Company was $108,703.15.

7. In July 2012, claimant Temple Christian John Ball placed the defendant property on the market to be sold with TRI Commercial. In August 2012, claimant accepted a sales offer in the amount of $218,000.00 for the defendant property. Escrow is estimated to close by the end of October 2012. The buyer of the defendant property is Steve Sykes.

8. No other parties have filed claims or answers in this matter, and the time for which any person or entity may file a claim will expire sixty days after the first day of publication. The time for filing an answer will expire twenty-one days after filing the claim.

9. The parties herein agree that the proposed sale of defendant property should proceed pursuant to Paragraphs 10 through 20 below.

10. Claimant Temple Christian John Ball shall instruct the escrow officer to wire all of the net proceeds from the sale of the defendant property to the U.S. Marshals Service and to contact the U.S. Attorney's Office, Asset Forfeiture Unit, to obtain specific wiring instructions.

11. The net proceeds from the sale of the defendant property will include all money realized from the sale of the defendant property, except for the following:

    a. Real estate commissions;

    b. Amount due to lien holder Polycomp Trust Company based on a Promissory Note secured by a Deed of Trust, executed on February 16, 2012;

    c. Amounts due to the holder of any valid lien which was recorded prior to the time the United States' *Lis Pendens* was recorded;

    d. Real estate property taxes which are due and owing;

    e. Insurance costs, if any;

    f. Title fees;

    g. Escrow fees and expenses; and

    h. County transfer taxes.

12. All of the net proceeds from the sale of the defendant property shall be wired to the U.S. Marshals Service, at the close of escrow, to be deposited in the Seized Asset Deposit Fund. Said proceeds will be substituted as the *res* in this action and held pending further order of the Court.

13. Claimant Temple Christian John Ball will retain custody, control, and responsibility of the defendant property until the interlocutory sale that is the subject of this Stipulation has been completed.

14. Each party to this Stipulation shall execute all documents and provide signatures necessary to close escrow, as required by the title company.

15.     All parties to this Stipulation hereby release the United States and its servants, agents, and employees from any and all liability arising out of or in any way connected with the posting or sale of the defendant property.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said posting or sale, as well as to those now known or disclosed.  The parties to this Stipulation waive the provisions of California Civil Code § 1542,  which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

16.     Claimant Temple Christian John Ball shall maintain the defendant property in the same condition and repair as existed as of the date of the posting, normal wear and tear excepted, until his custody, control and responsibility have ceased.  The term "maintain" shall include, but is not limited to, keeping the property free of hazard and structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the property clean and performing such necessary sanitation and waste removal; keeping the property in good condition by providing for lawn and yard maintenance; and other ordinary and necessary items of routine maintenance.

17.     Claimant Temple Christian John Ball shall maintain all insurance policies currently in effect with respect to the defendant property, including hazard insurance to cover all buildings and other improvements that are now located on the property until the interlocutory sale is completed.  The insurance must cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance policies, and liability to persons injured on said property and for property damage to the defendant property.

18.     Except as specifically provided herein, claimant Temple Christian John Ball shall not convey, transfer, encumber, lien, or otherwise pledge the defendant property without the prior, written approval of the United States.

19.     All parties are to bear their own costs and attorneys' fees.

20.   Pending the sale of the property, and the disposition of the proceeds, the Court shall maintain jurisdiction to enforce the terms of this compromise settlement.

Dated: 10/28/12                                 BENJAMIN B. WAGNER
                                                United States Attorney

                                          By:   /s/ Kevin C. Khasigian
                                                KEVIN C. KHASIGIAN
                                                Assistant U.S. Attorney


Dated: 10-28-12                                 /s/ Temple Christian John Ball
                                                TEMPLE CHRISTIAN JOHN BALL
                                                Claimant on behalf of himself
                                                and CJDD, LLC


ACKNOWLEDGMENT

State of California       )
                          )
County of Placer          )

On 10-28-2012 , before me, Greg Martin           , Notary Public, personally appeared  Temple CJ Ball       , who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.


Signature /s/ Greg Martin

///

///

GREG MARTIN
COMM. #1859451
Notary Public – California
Placer County
Comm. Expires Jul 30, 2013

Dated: 10/26/12  /s/ J. Raza Lawrence
J. RAZA LAWRENCE
MARGOLIN & LAWRENCE
Attorney for Claimant Temple
Christian John Ball

Dated: 10-26-12  /s/Nelle Thompson
NELLE THOMPSON
Potential claimant on behalf of
Polycomp Trust Company

(Signatures retained by attorney)

## ORDER

1. The defendant property shall be sold pursuant to the terms set forth above in the Stipulation for Interlocutory Sale.

2. All of the net proceeds from the sale of the defendant property shall be wired to the U.S. Marshals Service and deposited into the Seized Asset Deposit Fund, substituted as the *res* herein, and held pending further order of the Court.

3. The forfeiture action pending shall proceed against the substitute *res* in lieu of the defendant property sold pursuant to this Stipulation.

IT IS SO ORDERED.

Dated: October 29, 2012

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

# EXHIBIT A
Real property located at 1001 Nichols Drive, Suite 2, Rocklin, California

THE LAND DESCRIBED HEREIN IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF PLACER, UNINCORPORATED AREA, AND IS DESCRIBED AS FOLLOWS:

PARCEL ONE:

UNIT 2 AS SHOWN ON THE CONDOMINIUM PLAN ENTITLED, "BLDG. NO. 1 IMC INDUSTRIAL PARK COMMERCIAL CONDOMINIUMS CONDOMINIUM PLAN" RECORDED JULY 11, 2008 AS INSTRUMENT NO. 2008-0056448, OFFICIAL RECORDS.

APN: 485-070-014

PARCEL TWO:

AN UNDIVIDED 1/5 INTEREST IN THE COMMON AREA, BEING PARCEL ONE AS SHOWN AND DELINEATED ON PARCEL MAP NO. DPM 20070654 FILED JULY 11, 2008 IN BOOK 34, PAGE 86 OF PARCEL MAPS.

EXCEPTING THEREFROM SAID LAND ALL OIL, GAS, MINERALS, HYDROCARBONS AND KINDRED SUBSTANCES LYING BELOW A DEPTH OF 500 FEET, AS CONVEYED TO NATIONAL RESOURCES EQUITIES CORPORATION BY DEED RECORDED NOVEMBER 10, 1969 IN BOOK 1269 OFFICIAL RECORDS, AT PAGE 62, PLACER COUNTY RECORDS.

PARCEL THREE:

NON-EXCLUSIVE EASEMENTS FOR INGRESS, EGRESS AND USE OF AND ENJOYMENT OF THE COMMON AREA REFERRED TO IN PARCEL TWO HEREIN ABOVE AND FURTHER DEFINED IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR IMC INDUSTRIAL PARK CONDOMINIUMS (BUILDING 1, PARCEL 1) RECORDED JULY 11, 2008 AS INSTRUMENT NO. 2008-0056447, OFFICIAL RECORDS.

PARCEL FOUR:

NON-EXCLUSIVE EASEMENTS FOR INGRESS, EGRESS AND PARKING OVER THE COMMON AREA, BEING PARCEL A ON THE MAP REFERRED TO IN PARCEL ONE HEREINABOVE, AS DEFINED IN DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS OF IMC INDUSTRIAL PARK RECORDED OCTOBER 31, 2007 AS INSTRUMENT NO. 2007-0103728, OFFICIAL RECORDS.